**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-06-69-RAW |
| | ) | |
| DYMOND CHARLES BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This matter is before the court on remand from the United States Court of Appeals for the Tenth Circuit. This court requested the parties to brief their positions, which has been done. In 2007, defendant was convicted by a jury of one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(iii). This court sentenced him to 262 months imprisonment after imposing a career-offender enhancement under §4B1.1 of the Sentencing Guidelines. This court enhanced the sentence because it found defendant had two prior convictions for crimes of violence: (1) feloniously pointing a firearm in violation of 21 O.S. §1289.16 and (2) shooting with intent to kill. *See United States v. Brown,* 731 Fed.Appx. 827 (10th Cir.2018).

In 2019, defendant sought a reduced sentence under §404 of the First Step Act. This court found defendant eligible for relief and imposed a reduced sentence of 210 months imprisonment (##129 & 130), but denied defendant's request to reconsider the career-offender enhancement. *See United States v. Brown,* 974 F.3d 1137, 1140 (10th Cir.2020).

Defendant appealed from that ruling, and the Tenth Circuit held that the First Step Act gives district courts discretion to reconsider whether the defendant would still be designated as a career offender in light of "subsequent decisional law that clarifies (not amends) the related career offender provision at issue." *Id.* at 1139-40.  In addition, the Tenth Circuit cited *United States v. Mannie,* 971 F.3d 1145, 1158 n.11 (10th Cir.2020) for the proposition that the First Step Act gives district courts discretion to vary downward based on the 18 U.S.C. §3553(a) factors in a First Step proceeding.  974 F.3d at 1146 n.5.  Thus, the Tenth Circuit remanded for this court to exercise its discretion to choose whether to reconsider defendant's career-offender status, as well as the appropriateness of his sentence after considering the §3553(a) factors.  *Id.* at 1145-46, 1146 n.5.  (The language of this summary comes from *United States v. Robertson,* 2020 WL 7333449, *2 (10th Cir.2020)).

The Tenth Circuit held that the 2006 version of the Guidelines remained applicable. *See* 974 F.3d at 1144.  As to career offender status, the pertinent Guideline increases a sentence if, among other things, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. §4B1.1(a)(3).  A "crime of violence" is any federal or state offense "punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the force or elements clause), (2) "is burglary of a dwelling, arson, or extortion [or] involves use of explosives" (the enumerated-offense

2

clause), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause) [§4B1.2(a)(1), (2)].

In 2016, the Sentencing Commission removed the residual clause from §4B1.2(a)(2). *See* U.S.S.G. Supp. to App. C, Amend. 798 (eff. Aug. 1, 2016). That amendment, however, is not retroactive. *See United States v. Pryor,* 824 Fed.Appx. 652, 655 (11th Cir.2020). In *United States v. Madrid,* 805 F.3d 1204, 1211 (10th Cir.2015), the Tenth Circuit held the residual clause of the career offender guideline was unconstitutionally vague, but this holding was abrogated by *Beckles v. United States,* 137 S.Ct. 886 (2017).

As previously stated, at sentencing the court found both of defendant's prior convictions were crimes of violence. The Tenth Circuit noted that this court did not state whether it was reaching its conclusion under the elements clause or the residual clause, or both. The court has reviewed the original Presentence Report and it likewise makes no differentiation. The conviction for shooting with intent to kill is not under challenge. In *United States v. Titties,* 852 F.3d 1257, 1275 (10th Cir.2017), the Tenth Circuit held that the Oklahoma felony of pointing a firearm does not qualify as a crime of violence under the elements clause of the ACCA, which is virtually identical to the elements clause under the Guidelines.

Thus, the Tenth Circuit in the remand opinion noted, "[i]f Mr. Brown's sentence as a career offender was premised solely on the elements clause . . . he would have a strong argument that it is premised on a legal conclusion that this court has rejected. . . ." 974 F.3d

at 1145. Focusing first on the elements clause, this court finds the "strong argument" persuasive, and holds that the career offender enhancement in this case cannot be based on the elements clause.   The Tenth Circuit further stated:  "We cannot assume both [clauses] would apply . . . without more input; hence we must remand."  *Id.*

The court's review finds the record is silent as to whether this court placed any reliance on the residual clause.  A hearing (which the Tenth Circuit indicated is not required [974 F.3d at n.2]) would not aid resolution.  The government argues that "[t]his Court should simply clarify the residual clause formed at least part of the basis for its decision and re-impose the sentence challenged on appeal."  (#143 at 3).  The Tenth Circuit in its remand order did not set forth any burden of proof in this regard.

This is defendant's motion under the First Step Act, and generally the defendant bears the burden.  *See United States v. Batiste,* 980 F.3d 466, 469 (5th Cir.2020).   Defendant notes that the government bears the burden of proving by a preponderance of the evidence any findings necessary to support a sentence enhancement.  *United States v. Gambino-Zavala,* 539 F.3d 1221, 1228 (10th Cir.2008).  That burden attaches, however, when the defendant objects to the enhancement.  Defendant did not object.  In that situation, the review by the appellate court is for plain error.  *See United States v. Silva,* 981 F.3d 794,796 (10th Cir.2020).    In sum: the government, the defendant, and the court did not raise any distinction between the elements clause and the residual clause.  This is understandable, as the distinction did not seem pertinent at the time of sentencing.

4

In *Johnson v. United States,* 576 U.S. 591 (2015), the Supreme Court held that the residual clause under the Armed Career Criminal Act [18 U.S.C. §924(e)(2)(B)(ii)] was void for vagueness.  Subsequently, numerous defendants brought actions pursuant to 28 U.S.C. §2255, arguing that their enhancement under that Act was made pursuant to the residual clause and should be vacated.  The Tenth Circuit held that the movant carried the burden to prove that it is "more likely than not" that the sentencing court used the residual clause as the basis of sentencing.  *See United States v. Driscoll,* 892 F.3d 1127, 1135 (10th Cir.2018).  In other words, the "status quo" is that the sentencing court relied on <u>both</u> the elements clause and the residual clause, and the defendant must demonstrate otherwise.

Defendant in the case at bar has not sought to make a demonstration that this court did not rely on the residual clause, but has proceeded to the merits.  With the record silent, the court will operate on the understanding that both clauses were effectively relied upon at sentencing.

Turning to the merits, the defendant contends that "[u]nder the 2006 Guidelines, pointing a firearm does not meet 4B1.2(a)(2)'s residual clause."  (#142 at 6).  Defendant states this conclusion is confirmed by *United States v. Carey,* 689 Fed.Appx. 627 (10th Cir.2017).  In that decision, the Tenth Circuit vacated a sentence where an enhancement had been based on a prior felony conviction for pointing a weapon, as here.  The court stated that in *Titties* "we held that a conviction under this statute does not qualify as a crime of violence under the Armed Career Criminal Act," and the government conceded that *Titties* controlled.

5

Defendant states "[t]he residual clause was never used to qualify Carey's conviction for pointing a firearm as a crime of violence." (#124 at 10). This statement is correct, but (to address a point expressly raised by footnote 8 of the dissent in the remand opinion) this court is not persuaded that *Titties* extends to the residual clause.

As it happens, the Carey prosecution also took place in this court (16-cr-25-RAW). The court has reviewed the record. Carey pleaded guilty to possessing an explosive as a convicted felon, in violation of 18 U.S.C. §842(i)(1). His offense level was calculated under §2K1.3(a)(2) of the 2015 Guidelines, under which the term "crime of violence" has "the meaning given that term in §4B1.2(a) and Application Note 1 of the Commentary to §4B1.2." U.S.S.G. §2K1.3 cmt. n.2.

Sentencing took place on January 19, 2017. At that time, the legal landscape was that (as previously noted) the Tenth Circuit had held the Supreme Court's *Johnson* decision invalidated the "virtually identical" residual clause in §4B1.2(a)(2). *See United States v. Madrid,* 805 F.3d 1204, 1211 (10th Cir.2015). The sentencing hearing in *Carey* took place before the Supreme Court issued its contrary ruling in *Beckles.* At the sentencing hearing in *Carey*, the prosecutor stated: "Obviously the residual clause is gone as a result of *Johnson*." (#62 at 12 ll.13-14, 16-cr-25-RAW). In overruling defendant's objection as to the enhancement, the court made no mention of the residual clause. (*Id.* at 25-26). In other words, contrary to the case at bar, the record in *Carey* is clear that the sentencing court did not rely on the residual clause. Thus, in this court's view, *Carey* is inapposite.

6

There is an interpretation of the remand opinion that (based on the conclusion above) this court need not address the residual clause on the merits. The majority opinion describes its holding as directing "revisiting career offender status based upon intervening circuit law. . . ." 947 at 1145. With *Titties* found to be inapplicable, there is no intervening circuit law. Rather, as the dissent in the remand opinion states, there is "no published case in which our circuit has ruled that the Oklahoma felony for pointing a firearm does not qualify as a crime of violence under the residual clause at §4B1.2(a)(2) (2006)." 947 F.3d at 1148 (Phillips, J., dissenting). On the other hand, after mentioning the residual clause and *Beckles,* the majority opinion states: "No doubt that this issue will be addressed on remand, but that is not the subject of the briefing in this case." *Id.* at 1140. This court will address the issue.

Defendant's argument is that because the language of 21 O.S. §1289.16 provides that the statute may be violated by pointing a firearm "for purposes of whimsy, humor or prank," a violation does not necessarily present a serious potential risk of physical injury to another, as the 2006 residual clause required. The Oklahoma statute also does not require a loaded weapon, and thus (says defendant) "a guilty perpetrator can use an empty gun to play a joke on someone, stopping far short of creating any risk of physical injury that is inherent in the offense." (#142 at 6). Defendant argues there is a "certainty requirement" and the court must determine whether defendant was necessarily convicted of a crime qualifying as a predicate. *Id.*

The court disagrees. In the context of the residual clause in §4B1.2(a)(2), it is not required that every conceivable factual offense covered by a statute necessarily presents a serious potential risk of injury. *United States v. Wray,* 776 F.3d 1182, 1185 (10th Cir.2015)(quoting *James v. United States,* 550 U.S. 192, 198 (2007). Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another. *Id.* "Although *Johnson* abrogated *James* for purposes of ACCA, the case remains good law for purposes of analyzing the residual clause of the Guidelines." *United States v. Morris,* 885 F.3d 405, 412 (6th Cir,2018).

There is authority finding that pointing a firearm under a state statute may qualify as a predicate offense under the residual clause. *See, e.g., United States v. Rendon-Duarte,* 490 F.3d 1142, 1148 (9th Cir.2007)(unloaded weapon may create a serious potential risk of physical injury); *United States v. Hemingway,* 38 Fed.Appx. 142, 146-47 (4th Cir.2002)(same). Pointing a weapon as a joke is <u>not</u> the ordinary case under the statute, pursuant to the *James* analysis. This court finds that the offense does qualify, and the court upholds the career offender finding. Thus, as originally calculated, the defendant has an offense level of 34 and criminal history category of VI. The sentencing range was 262 to 327 months. As previously stated, defendant's sentence was reduced to 210 months on June 18, 2019 as result of the applicability of the Fair Sentencing Act made retroactive by the First Step Act.

That said, the issues with application of the residual clause remain. The residual clause of the ACCA created "grave uncertainty about how to estimate the risk posed by a crime" because it "tie[d] the judicial assessment of risk" to a hypothesis about the crime's "ordinary case," and "left unclear what threshold level of risk made any given crime a 'violent felony.'" *Sessions v. Dimaya,* 138 S.Ct. 1204, 1213-14 (2018)(quoting *Johnson,* 135 S.Ct. at 2557-58).

In *Beckles,* the Supreme Court upheld the residual clause of the Guidelines simply because the Guidelines, being advisory, are not subject to vagueness challenges under the Due Process Clause. 137 S.Ct. at 890. Unlike the ACCA, the advisory Guidelines "do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892. As previously stated, the remand opinion held that the First Step Act gives district courts discretion to vary downward based on the 18 U.S.C. §3553(a) factors. 974 F.3d at 1146 n.5.

Pursuant to 18 U.S.C. §3553(a), the district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553(a)(2). The sentencing court is directed to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for a sentence to reflect the seriousness of the crime, deter future criminal conduct, protect the public, and provide rehabilitation, (3) the legally available sentences, (4) the U.S.

Sentencing Guidelines, (5) the Sentencing Commission's policy statements, (6) the need to avoid unwarranted disparities among sentences, and (7) the need for restitution.

Now that it has been established (as it was not at the time of sentencing) that the defendant could properly be found to be a career offender <u>solely</u> because of the residual clause [with its vagueness issues], varying from the enhancement imposed will be considered. *Beckles* makes clear that the clause survives a vagueness challenge only because the Guidelines are advisory. The court considers this as a factor supporting a downward variance. Moreover, in the case at bar defendant has already served over fourteen years. "His BOP-estimated release date is 10/12/22." (#142 at 11).

Contrariwise, in addition to the defendant's history set forth in the PSR, the court is aware that while incarcerated defendant has had more than ten incident infractions, is considered high risk for recidivism by the BOP, and has expressed no interest in participating in RDAP (residential drug abuse program)[*]. Although the defendant's previous sentence supports the career offender enhancement, the court notes that (if sentenced today) the enhancement would not apply, thereby possibly creating a sentencing disparity. The court will vary. Taking into consideration the defendant's history and characteristics, as well as the offense conduct, need for just punishment, deterrence, and protection of the public, the court concludes a sentence of 188 months imprisonment achieves the purposes of sentencing

---

[*]Defendant has requested a sentencing hearing. He represents that he would explain that some of the records of reports and disciplinary sanctions are "inaccurate, and that some of the behavior is not as serious as may seem." (#142 at 11). The court is not persuaded that raising factual disputes about certain incidents or the testimony about good character from family members would alter the sentence.

10

set forth in 18 U.S.C. §3553.  The totality of the circumstances indicate such a sentence is sufficient, but not greater than necessary, to fulfill those purposes.

It is the order of the court that the defendant's sentence is hereby reduced to 188 months.    All other terms imposed remain in effect.

**ORDERED THIS 26th DAY OF JANUARY, 2021.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

11